Thomas R. Califano
George B. South III
Vincent J. Roldan
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

*Counsel for GECMC 2007 C-1 Burnett Street, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HOTI ENTERPRISES, LP, and | : | Lead Case No. 10-24129 (RDD) |
| HOTI REALTY MANAGEMENT CO., INC. | : | |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

**OBJECTION OF GECMC 2007 C-1 BURNETT STREET, LLC
TO DEBTORS' MOTION TO RECONSIDER AND CLARIFY, UNDER
FED. R. CIV. P. 60(B), AS APPLICABLE BY FED. R. BANKR. P. 9024, (A)
THE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
AND (B) THE SERVICER'S ROLE WITH REGARD TO
GECMC 2007 C-1 BURNETT STREET, LLC IN THESE PROCEEDINGS**

GECMC 2007 C-1 Burnett Street, LLC ("GECMC"), the holder of a first mortgage on the sole asset of Hoti Enterprises, LP ("Hoti" together with Hoti Realty Management Co., Inc., "Hoti Management", the "Debtors"), certain real property in Brooklyn, New York (the "Property"), by and through its counsel DLA Piper LLP (US), hereby files this objection (the "Objection") to the Debtors' Motion to Reconsider and Clarify, Under Fed. R. Civ. P. 60(b), as Applicable by Fed. R. Bankr. P. 9024, (a) The Order Granting Relief From The Automatic Stay and (b) The Servicer's Role With Regard To GECMC 2007 C-1 Burnett Street, LLC In These Proceedings (the "Motion"). In support of this Objection, GECMC respectfully represents as follows:

**Preliminary Statement**

The Motion should be denied because the Debtors have not met their burden to prove the existence of any of the elements required by Rule 60(b), i.e. mistake, inadvertence, surprise, excusable neglect or newly discovered evidence, that would warrant the relief requested. Earlier this year, the Debtors violated a cash collateral order and GECMC sought relief from the automatic stay in accordance therewith.[1] On January 13, 2011, with the Debtors' attorneys and principal in attendance, the Court granted GECMC's request for relief from the automatic stay pursuant to sections 362(d)(2) and (3) of the Bankruptcy Code based on the following findings of fact:

- The Debtors have no equity in the Property in that it is worth approximately $15.5 million, while GECMC's claims are in excess of $38 million;

- There is no realistic prospect of a reorganization in these chapter cases without GECMC's consent;

- The ninety-day period provided under section 362(d)(3) expired without the Debtors having filed a plan of reorganization.

The Debtors have not presented any facts that would change any of the Court's findings. The Debtors state in the Motion that they require the relief requested in order to be granted a "real opportunity" to submit a plan of reorganization because they believe the Property is worth $17.5 million. Even if the Debtors are correct about the value of the Property, Debtors will still be unable to propose a confirmable plan because GECMC's loan would still be vastly undersecured and GECMC has not agreed to accept a reduced pay-out. Moreover, in light of the fact that title to the Property has not yet transferred to GECMC, there is nothing to stop the Debtors from

---

[1] Indeed, GECMC consented to limited use of its cash collateral pursuant to a cash collateral order (the "Cash Collateral Order") (Docket No. 43) to allow the Debtors time to formulate a plan of reorganization. Shortly after entry of that order, the Debtors defaulted on their obligations by failing (i) to turn over, inter alia, books and records, lease files, and financial information to the receiver for the Property, Barbara S. Odwak (the "Receiver"), and (ii) to cause one of its principals, Victor Dedvukaj, to pay to the Receiver the sum of $100,000 to replenish tenant security deposits that were illegally spent by the Debtors or their principals prior to the bankruptcy filing.

filing a plan of reorganization and seeking to obtain GECMC's consent thereto. GECMC notes that these cases have been pending for approximately five months and the Debtors still have not proposed any plan of reorganization, sale of their assets, or any treatment for GECMC's claims.

The Debtors appear to place blame for their failures in this case on their former attorneys, Rattet Pasternak & Gordon-Olvier ("Rattet"). The proper course of action for any dissatisfaction by the Debtors with Rattet's legal services or the amount of its fees is not to seek reimposition of the automatic stay in respect of the Property, but to object to the payment of some or all of the legal fees of Rattet. In any event, the Debtors' principal, Victor Dedvukaj, has attended every major hearing in this case and either was or should have been aware of all issues with respect to GECMC and the Property. Mr. Dedvukaj was present in court on January 13, 2011 when the Court determined that GECMC is undersecured and there is no realistic prospect of a reorganization without GECMC's consent. No advice from Rattet could alter these basic facts, which facts should have come as no surprise to Mr. Dedvukaj. In addition, Mr. Dedvukaj personally addressed the Court at that time and asked for additional time to file a plan of reorganization. The Court denied that request.

The Debtors, through the Motion, also seek to investigate the relationship between GECMC and LNR Partners, LLC ("LNR"). This information is either publically available, or has already been provided to the Debtors but there is no indication that the Debtors have attempted to read it. In addition, the Debtors have not requested any additional information from GECMC since the time GECMC provided relevant documents almost two months ago. Notwithstanding, this information has no implication on the Debtors' ability to file and to attempt to confirm a plan of reorganization. The Debtors are inappropriately using the Motion to seek to reimpose the automatic stay upon GECMC, based upon evidence that the Debtors hope to

uncover, which alleged evidence is already in the Debtors' possession and conclusively demonstrates that LNR has the authority to act in this bankruptcy case on behalf of GECMC.

GECMC submits that the Motion serves no purpose other than to continue to harass GECMC and frustrate GECMC's efforts to foreclose, and it should be denied.

**Background**

1. On October 12, 2010 (the "Petition Date"), the Debtors filed their voluntary petitions under chapter 11 of the Bankruptcy Code.

2. GECMC holds a claim against Hoti in excess of $38 million, which is secured by the Property and related collateral including cash collateral. LNR, a Florida limited liability company, as successor to LNR Partners, Inc., a Florida corporation, is the manager of GECMC, has been given a power of attorney to act in GECMC's stead, serves as the special servicer of the loan to Hoti, and has full authority to act on all matters relating to this bankruptcy case.

3. The property is currently being operated by Barbara S. Odwak, as the Receiver.

**GECMC's Stay Relief Motion**

4. On January 13, 2011, the Court conducted a hearing on GECMC's motion for relief from the automatic stay (the "January 13 Hearing"). A copy of the transcript of this hearing is attached hereto as Exhibit "A".

5. At the January 13 Hearing, with the Debtors' principal, Mr. Dudvukaj, in attendance, the Court stated as follows:

> THE COURT: I'm going to grant the [stay relief] motion.
>
> * * * *
>
> THE COURT: And it's premised upon my conclusion that this property has at least $15.5 million of value in it but that that is still significantly less than half of [GECMC's] secured claim and that

> in light of that fact and the secured creditors or its agents unwillingness to consider any relief under the Bankruptcy Code other than getting the stay lifted that there's no reasonable prospect of effective reorganization here. So, therefore, under both 362(d)(1) and -- I'm sorry, 362(d)(2) and 362(d)(3) there's grounds for relief from the automatic stay.

See January 13 Hearing Tr. at 14:1-14:12. The Debtors have not alleged any facts in the Motion that would alter these findings, or provided evidence that would warrant additional consideration by the Court.

6. On January 19, 2011, the Court entered that certain Order Granting Motion of GECMC 2007 C-1 Burnett Street, LLC For Relief From the Automatic Stay (the "<u>Stay Relief Order</u>") (Docket No. 61).

7. GECMC is currently in the process of prosecuting its rights with respect to the Property in state court.

**The Debtors' 2004 Application**

8. On January 5, 2011, the Debtors filed that certain Application in Support of Order Scheduling Examination Pursuant to Bankruptcy Rule 2004 (the "<u>2004 Application</u>") (Docket No. 48). Through the 2004 Application, the Debtors sought a Court order compelling discovery regarding the relationship between GECMC and LNR.

9. On January 12, 2011, GECMC filed an objection to the 2004 application (the "<u>2004 Objection</u>") (Docket No. 57). In the 2004 Objection, GECMC described in full detail LNR's role as (i) special servicer of the loan, (ii) attorney in fact for the sole member of GECMC (Wells Fargo Bank, N.A., as Trustee for the Registered Holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2007-C1), and (iii) manager of GECMC, and attached various documents thereto evidencing LNR's authority to act

on behalf of GECMC. Finally, additional documents relevant to the Debtors' inquiry are publically available on the SEC's website, http://www.sec.gov/edgar.shtml.

10. At the hearing on the 2004 Application on January 13, 2011, the Court declined to grant any relief at that time, and instructed the Debtors to review the documents provided by GECMC. See January 13 Hearing Tr. at 17:8-19:5. Since that time, almost two months ago, the Debtors have not asked GECMC for any additional documents. Moreover, there is no evidence contained in the Motion that the Debtors have either reviewed the documents already provided or that such documents are inadequate to prove LNR's authority to act on behalf of GECMC in this bankruptcy case.

## Legal Analysis and Argument

11. Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; …or (6) any other reason that justifies relief.

Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60). Rule 60(b) permits the Court to address only issues that arise after an order in a contested matter has become final. Thus, a party who misses the deadline for filing an appeal may not use Rule 60(b) as a substitute for appeal. See In re Wills Motors, Inc., 133 B.R. 303 (Bankr. S.D.N.Y. 1991), aff'd 134 B.R. 124 (S.D.N.Y. 1991).

12. "Courts typically require that the evidence in support of the motion for relief under Rule 60(b) be highly convincing, that a party show good cause for the failure to act sooner

and that no undue hardship be imposed on other parties." Jedrejcic v. Croatian Olympic Committee, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) ("Plaintiff has failed to show how his earlier failure to indicate the location of [defendant]'s business was due to mistake, inadvertence, surprise, or excusable neglect . . . . The motion is therefore denied.").

13. The decision to grant a Rule 60(b) motion is within the discretion of the court. In re Staff Investment Co., 146 B.R. 256 (Bankr. E.D. Cal. 1992). "The court must consider requests for relief from judgment with sensitivity to the need to balance the importance of principles of finality with the desirability that justice be done, usually by resolving disputes on their merits." In re Tardiff, 137 B.R. 83, 87 (Bankr.D.Me.1992) (citing Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Trasnp. Co., 953 F.2d 17, 19 (1st Cir. 1992). This role is a remedial provision intended to prevent injustice by allowing parties their day in court even through some technical error has occurred that would otherwise be grounds for default or dismissal. See Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n for Parish of East Baton Rouge, 507 F.2d 227 (5th Cir.1975).

A. There is no basis for relief under Rule 60(b)(1) or (2).

14. In the present case, the Motion does not articulate any basis to reverse the Stay Relief Order and reimpose the automatic stay under section 362 of the Bankruptcy Code. There are no facts that have been discovered following entry of the Stay Relief Order that would warrant reversal of such order.[2] GECMC is still vastly undersecured with claims in excess of $38 million, even if the Debtors now believe the Property is worth as much as $17.5 million. Indeed, the Debtors have not articulated any "mistake, inadvertence, surprise or excusable neglect", or any "newly discovered evidence" warranting relief under Rule 60(b)(1) or (b)(2).

---

[2] GECMC notes that the deadline to appeal the Stay Relief Order passed on February 1, 2011. The Debtors did not appeal the Stay Relief Order.

As a consequence, and not surprisingly, all of the cases cited by the Debtors in the Motion are factually distinguishable.

15. The Debtors assert that they were not consulted by their attorneys about "creating a multi-year plan [of] re-organization," adequate protection or the Cash Collateral Order. See Motion ¶ 7, 8. This argument is curious in light of the fact that the Debtors' principal, Mr. Dedvukaj, appeared in court at every hearing at which GECMC appeared, including two separate cash collateral hearings and the January 13 Hearing on GECMC's lift stay motion. In fact, during a hearing on approval of the Debtors' use of cash collateral, Mr. Dedvukaj addressed the Court directly and demonstrated that he had read previous versions of the Cash Collateral Order, as well as the version which was ultimately signed by the Court. See Transcript of December 20, 2010 hearing, attached to the Motion as Exhibit "A" at 6:9-8:4 (Mr. Dedvukaj directly addressing the Court regarding differences between the proposed final version of the cash collateral order and a previous version of the cash collateral order that permitted Mr. Dedvukaj to continue to manage the Property).

16. In addition, during the January 13 Hearing, Mr. Dedvukaj himself pleaded with the Court for "thirty more days" before the Court lifted the automatic stay to allow him to negotiate a plan of reorganization, which request the Court denied. See January 13 Hearing Tr. at 20:21 – 20:25. Thus, the Debtors were aware, or should have been aware, of all issues relating to adequate protection, cash collateral, and the confirmability of any plan of reorganization. Therefore, the Debtors have had their "day in court" and there is no basis for relief under Rule 60(b).

17. There are no new facts that have been discovered since the Stay Relief Order was entered, and the basic findings giving rise to such order remain unchanged: GECMC is vastly undersecured, and there is still no possibility of a reorganization without GECMC's consent.

18. The Debtors are blaming their failures in this case on the performance of their former attorneys, Rattet.[3] Even if it is true that Rattat did not properly advise the Debtors on "creating a multi-year plan [of] re-organization," adequate protection or the Cash Collateral Order, the basic facts giving rise to the Court's entry of the Stay Relief Motion would not be altered. Since Rattet has already withdrawn from representing the Debtors in these cases, the Debtors' sole remedy for any dissatisfaction with Rattet's performance or fees is to object to the payment of Rattet's fees, <u>not</u> reversal of the Stay Relief Order under Rule 60(b). The Second Circuit has consistently declined to grant Rule 60(b) relief due to the mistake or omission of a party's attorney. <u>Nemaizer v. Baker</u>, 793 F.2d 58, 62 (2d Cir. 1986) (request for Rule 60(b) relief based upon attorney's ignorance of the law or other rules of court, or his inability to efficiently manage his caseload denied); <u>see</u> <u>also</u> <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248 (2d Cir. 1997) (denying 60(b)(1) relief to plaintiff even though counsel was so busy with bid for public office that he failed to properly read and understand a court order).[4]

---

[3] The Debtors appear to have developed a pattern of hiring then firing attorneys while at the same time blaming the attorneys for the Debtors' deficiencies. At a deposition of Mr. Dedvukaj on November 18, 2010, when questioned about tenant security deposits that the Debtors failed to turn over to the Receiver, Mr. Dedvukaj testified:

> We didn't have a security deposit account set up. My attorney, who is now fired, we fired him because he just wasn't getting anywhere, wasn't doing due diligence that was needed to be done. This is our old attorney [not Rattet.] We didn't see this letter [asking for security deposits to be turned over].

<u>See</u> Transcript of November 18, 2010 deposition of Victor Dedvukaj at 111:7-111:25. A copy of the relevant pages of this transcript are attached hereto as Exhibit "B".

[4] GECMC recognizes that the Supreme Court in <u>Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'svup.</u>, 507 U.S. 380 (1993) held that attorney negligence may constitute excusable neglect. That case, however, involved the late filing of a proof of claim due in part to a deficient notice of bar date, and is thus factually distinguishable.

19. It also appears that Debtors wish for an "opportunity" to file a chapter 11 plan. The Debtors, however, continue to have that right because the foreclosure process has not been completed, and title to the Property has not been transferred to GECMC. The Debtors are free to file a chapter 11 plan and seek GECMC's consent thereto.

20. Finally, to the extent that the Debtors seek to investigate the relationship between LNR and GECMC, GECMC submits that it has provided the Debtors with relevant information relating to that relationship and additional information is publicly available. The Debtors have not demonstrated that they have reviewed any of the documents already provided by GECMC, or documents that are publicly available. The Motion contains several pages of argument regarding the general duties of a loan servicer, but do not cite to any relevant documents regarding the existing relationship between LNR and GECMC, all of which documents are fully accessible to the Debtors. In addition, the Debtors have not asked GECMC for any additional documents since either the time the 2004 Objection (which attached relevant documents) was filed, or at any time following the January 13 hearing. Therefore, this portion of the Motion seems intended merely to harass GECMC, and it should be denied. GECMC submits that it would be inappropriate to grant relief under Rule 60(b) based upon speculative evidence that the Debtors hope to obtain, and that is contradicted by documents already in the Debtors' possession.

### B. There is no basis for relief under Rule 60(b)(6).

21. Finally, the Debtors seek to rely upon the "catch-all" provision of Rule 60(b)(6). Rule 60(b)(6) applies only when no other subsection is available. See Nemaizer, 793 F.2d at 62; see also Jedrejcic, 190 F.R.D. at 77 ("[C]lause (6) is inapplicable because plaintiff's asserted grounds [attorney negligence and defendant's fraud] for relief are recognized in clauses (1) and (3)."). For this clause to be applied, however, there must be a reason of "overriding importance",

"extraordinary circumstances", or "extreme hardship"). Here, the Debtors have not demonstrated any of the requirements for relief under Rule 60(b)(6), but rather repeat their conclusory statements regarding the perceived value of the Property or their dissatisfaction with Rattet's performance. All of the cases the Debtors cite for relief under this provision are distinguishable and inapposite because they involve the standard for allowance of attorneys fees, not relief from a final order under Rule 60(b)(6). GECMC therefore respectfully submits that there is no basis for relief under Rule 60(b)(6).

WHEREFORE, GECMC seeks entry of an order sustaining its objections and granting such other and further relief as is just and proper.

Dated: March 9, 2011
New York, New York

**DLA PIPER LLP (US)**

/s/ George B. South III
Thomas R. Califano
George B. South III
Vincent J. Roldan
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 835-6000
Fax: (212) 835-6001

Counsel for GECMC 2007 C-1 Burnett Street, LLC